**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARCEL D. PERRY,

                                 Plaintiff,

                                                        8:20-CV-165
        v.                                                    (GTS/DJS)

CITY OF ALBANY, *et al.*,

                                 Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

MARCEL D. PERRY
Plaintiff, *Pro Se*
109 Ford Avenue
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court a *pro se* Complaint filed by Marcel Perry. Dkt. No. 1. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP). Dkt. No. 3. By separate Order, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. §§ 1915(e) & 1915A, the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the

- 1 -

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Furthermore, a court's initial review of a complaint under §§ 1915(e) & 1915A must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the

complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff brings this lawsuit pursuant to 28 U.S.C. § 1983, alleging violations of his constitutional rights. *See* Compl. He alleges that City of Albany police officers and detectives brought two false criminal sale of marijuana charges and one false criminal possession of marijuana charge against him. *Id.* at ¶ 12. He alleges that on numerous occasions in May, June and July of 2017, Defendants Fargione, Regan, Scalise, and Chromczak repeatedly interrogated him regarding a missing person case and engaged in harassing and threatening behavior to both Plaintiff and his wife. *Id.* at ¶¶ 13-22. Plaintiff would walk away or refuse to respond without an attorney present, and on July 8, 2017, Defendants Regan and Scalise threatened that if Plaintiff did not give them information regarding the missing person, they would frame him. *Id.* at ¶ 22.

On July 20, 2017, Defendants Regan and Scalise initiated a parole violation against Plaintiff by contacting his parole officer, Defendant LeBarron, and relayed rumors regarding Plaintiff's alleged involvement in marijuana and the missing person case. *Id.* at ¶ 23. In August of 2017, Defendants Regan and Fargione continued to attempt to interrogate Plaintiff and threatened to frame him. *Id.* at ¶¶ 24-25. Plaintiff alleges Defendants initiated a bad faith parole warrant based on false charges, and that the detectives and parole officer conspired to circumvent the requirement of probable cause for arrest. *Id.* at ¶ 27. Defendant LeBarron ordered Plaintiff to report to the Division of Parole, and the Defendant Detectives made police reports and agreed to provide false

statements that Plaintiff sold marijuana on July 26 and August 9, 2017. *Id.* at ¶¶ 28-29. When Plaintiff reported to probation, Defendants Fargione and Hughes began questioning him again regarding the missing person, and Plaintiff declined to speak without a lawyer, and they threatened to frame him regarding marijuana sales. *Id.* at ¶ 30. Defendant Fargione then handcuffed Plaintiff and drove him to the City of Albany Police Department. *Id.* at ¶ 30. Plaintiff was kept at Albany Police Department for 24 hours on September 27, 2017 in an interrogation room, while Defendant Fargione attempted to interrogate him regarding the missing person, without allowing Plaintiff a lawyer, and again threatening to frame him. *Id.* at ¶ 31.

Plaintiff alleges that on September 28, 2017, the Defendant Detectives initiated criminal charges in city court for the sale and possession of marijuana, making police reports and agreeing to provide false statements in criminal court proceedings. *Id.* at ¶¶ 32-33. Plaintiff alleges that Defendants utilized perjured testimony, false police reports, and insufficient drug lab analysis reports to deprive him of his liberty. *Id.* at ¶ 34. On September 29, 2017 Defendants Regan and Chromczak arrested Plaintiff for allegedly bringing a bag with sixty grams of marijuana into a laundromat, and he was imprisoned in Albany County Jail. *Id.* at ¶¶ 35-38. Each Defendant Detective testified as a witness on November 28, 2017 and December 5, 2017 regarding the parole warrant; on December 30, 2017, the Administrative Law Judge accepted their false statements and fabricated evidence and revoked Plaintiff's parole. *Id.* at ¶¶ 40-46. On February 14, 2018, the Albany City Criminal Court dismissed the criminal charges. *Id.* at ¶¶ 47 & 49. Plaintiff

alleges that his attorney filed an appeal of the ALJ's December 30, 2017 decision. *Id.* at ¶ 50.

Plaintiff alleges that he committed no crime and that no Defendant had probable cause to believe that he was involved any illegal activity, and that all Defendants acted in conspiracy to bring the fabricated charges against him. *Id.* at ¶¶ 51-54. He alleges that Defendant City of Albany failed to properly train, supervise, and/or discipline the individual Defendants regarding proper police practices. *Id.* at ¶ 56. Plaintiff alleges that his local criminal court charges were dismissed, and that there is a "meritorious appeal brief submission," but that the New York State Board of Parole Appeals Unit denied his appeal in a conspiracy to wrongfully convict Plaintiff. *Id.* at ¶ 57.

Plaintiff alleges that, as a result, he was incarcerated from September 27, 2017 through September 28, 2017 and from September 29, 2017 through May 20, 2019. *Id.* at ¶ 58. Plaintiff alleges that he has suffered loss of liberty, emotional distress, and physical distress. *Id.* at ¶ 59. Plaintiff seeks compensatory and punitive damages. *Id.* at ¶ 64.[1]

### C. Analysis of Plaintiff's Claims

Plaintiff brings a due process claim based on fabrication of evidence and malicious prosecution against each of the individual Defendants, a Fourth Amendment illegal seizure claim, a Fifth Amendment claim, a Sixth Amendment claim, and state law claims for false imprisonment, false arrest, malicious prosecution, and civil conspiracy. He also brings a municipal liability claim against the City of Albany.

---

[1] Plaintiff references a number of documents throughout his Complaint that he states are attached to the Complaint; however, no such documents were included with the Complaint. *See* Dkt. No. 1.

Although not entirely clear, Plaintiff appears to allege that the criminal charges against him based on Defendants' wrongful actions were dismissed, but that his parole revocation was sustained, resulting in his incarceration. Compl. at ¶ 57. While Plaintiff's factual allegations are set forth in great detail, the Complaint fails to offer the same specificity regarding his legal causes of action. He identifies just three claims - two against individual Defendants and one against the City of Albany. *See* Compl. at ¶¶ 60-64. The claims against the individual Defendants refer to Fourth and Fourteenth Amendment claims and state law violations and thus are somewhat inconsistent with his earlier recitation of his claims. *Compare id. with* Compl. at ¶ 3. Plaintiff also fails to specifically delineate whether he asserts claims regarding both allegedly dismissed criminal charges and his parole revocation proceedings or if the discussion of the criminal charges is offered merely for factual context regarding the parole revocation proceedings. The Complaint, therefore, fails to provide the specific notice discussed above required by the Federal Rules of Civil Procedure regarding the precise nature of Plaintiff's legal theories. This is a defect that could be remedied with more defined pleading.

The Court notes also that, at least as it relates to Plaintiff's potential parole revocation claims, they are likely barred by *Heck*. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (emphasis in original).

"*Heck* and its 'favorable termination' rule applies to actions pursuant to section 1983 that challenge the fact or duration of confinement based on the revocation of parole." *Partee v. City of Syracuse*, 2019 WL 2617901, at *6 (N.D.N.Y. May 23, 2019), *report and recommendation adopted*, 2019 WL 2616954 (N.D.N.Y. June 26, 2019) (citations omitted). Claims of false arrest, false imprisonment, malicious prosecution, and fabrication of evidence are generally viewed as barred by the rule in *Heck*. *See*, *e.g.*, *Dayter v. Caputo*, 2019 WL 3037504, at *5 (N.D.N.Y. June 4, 2019), *report and recommendation adopted*, 2019 WL 3035409 (N.D.N.Y. July 10, 2019) (false arrest and false imprisonment) (citing cases); *Corley v. Vance*, 365 F. Supp. 3d 407, 441 (S.D.N.Y. 2019) (fabrication of evidence) (citing cases); *Godley v. Onondaga Cty.*, 2017 WL 2805162, at *5 (N.D.N.Y. Jan. 6, 2017), *report and recommendation adopted*, 2017 WL 2804944 (N.D.N.Y. June 28, 2017) (malicious prosecution) (citing cases).

This case deals with events ultimately leading to Plaintiff's parole revocation. As such, success on this case would necessarily call into question the validity of Plaintiff's parole revocation. Because Plaintiff has failed to show that this has been overturned his § 1983 claims are barred under *Heck*. "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Plaintiff

may be able to address the *Heck* bar identified here through more detailed pleading regarding the status of his parole revocation, or through pleading demonstrating that his claims do not "necessarily imply the invalidity" of his parole revocation. *See Heck v. Humphrey*, 512 U.S. at 487. As a result, the Court recommends that Plaintiff's claims addressed here as likely barred by *Heck* be dismissed without prejudice. *See Amaker v. Weiner*, 179 F.3d 48. 52 (2d Cir. 1999).

To the extent Plaintiff alleges a Fifth Amendment claim, *see* Compl. at ¶ 3, such a claim lies only against federal actors, not city police officers, and so Plaintiff fails to state a Fifth Amendment claim. *Juliano v. DeAngelis*, 2007 WL 1267274, at *2 (N.D.N.Y. Apr. 30, 2007). As such, the Court recommends that this claim be dismissed with prejudice, as it could not be cured with better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court notes that guidance regarding proceeding *pro se* and the *Pro Se* Assistance Program can be found in the *pro se* handbook that was provided to Plaintiff at the time he filed his Complaint. *See* Northern District of New York Federal Court Bar Association website, *available at* www.ndnyfcba.org/about-us/pro-se-assistance-program (last visited May 4, 2020).

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Fifth Amendment claim be **DISMISSED with prejudice**; and it is further

- 10 -

**RECOMMENDED**, that the remainder of the Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e) & 1915A for failure to state a claim upon which relief may be granted, but that Plaintiff be granted leave to amend; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 6, 2020
       Albany, NY

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).